IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

MOSES NEWMAN,                          )
                                       )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )      No. 07-CIV-281-JHP-PJC
                                       )
BURNS INTERNATIONAL                    )
PINKERTON SECURITAS,                   )
                                       )
            Defendant.                 )

## ORDER

Now before the Court is Defendant's Motion for Summary Judgment(Dkt.# 20), Plaintiff's Response to said motion, and Defendant's Reply. Plaintiff filed this action against Defendant alleging discrimination based on his national origin and breach of implied employment contract. Defendant alleges it is entitled to summary judgment on numerous grounds. Plaintiff's Response confesses most grounds asserted by Defendant, but contends Plaintiff has asserted claims pursuant to 42 U.S.C. §1981, and that such claims are not barred by the statute of limitations. Further, Plaintiff claims an implied contract existed between Plaintiff and Defendant, and that there is evidence such contract was breached.

In general, summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.

1

Fed. R. Civ. P. 56(c). An issue of fact is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the nonmoving party. _Anderson v. Liberty Lobby, Inc.,_ 477 _U.S. 242, 248 (1986)._ An issue is "material" if proof thereof might affect the outcome of the lawsuit as assessed from the controlling substantive law. _Id._ at 249.

In considering a motion for summary judgment, this court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. _Gray v. Phillips Petroleum Co., 858 F.2d 610, 613 (10th Cir. 1988)._ Furthermore, if on any part of the prima facie case there is insufficient evidence to require submission of the case to the jury, summary judgment is appropriate. _Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)._ In addition, one of the principal purposes of summary judgment is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. _Celotex Corp. v. Catrett, 477 U.S. 317,323-24 (1986)._

## BACKGROUND

The material facts of this case are undisputed. Plaintiff began working for Defendant as a security guard on September 11, 2000. Plaintiff voluntarily resigned from his position with Defendant on March 21, 2001.   Defendant re-hired Plaintiff on November 9, 2001.   On December 26, 2001, while still an employee of Defendant, Plaintiff filed a Charge of Discrimination claiming national origin discrimination and retaliation on the basis of his Israeli ethnicity relating to

2

alleged events that occurred from December 4, 2001, through December 7, 2001. On January 2, 2002, Plaintiff voluntarily resigned from his position with Defendant stating that he had found other employment.

The Oklahoma Human Rights Commission ("OHRC") dismissed Plaintiff's Charge of Discrimination on November 17, 2002, due to Plaintiff's failure to cooperate with the investigation. The Equal Employment Opportunity Commission ("EEOC") similarly dismissed Plaintiff's Charge of Discrimination on April 3, 2003, for failure to cooperate with the investigation and issued a Notice of Rights letter notifying Plaintiff that his deadline to file a lawsuit based on his Title VII claims was 90 days from Plaintiff's receipt of the letter.

On November 5, 2004, more than one year after the 90 days right to sue period had elapsed, Plaintiff filed his first lawsuit against Defendant alleging discrimination based on national origin and breach of an implied employment contract. Plaintiff never served Defendant in this first lawsuit, and on June 21, 2005, Plaintiff's first petition was dismissed by the Court for failure to serve Defendant.

On June 20, 2006, over three years after the EEOC issued the Right to Sue letter, Plaintiff filed a second lawsuit alleging the same causes of action he alleged in the first lawsuit. On April 23, 2007, Plaintiff served Defendant in the instant case. Defendant removed Plaintiff's lawsuit to this Court on May 11, 2007.

### DISCUSSION

Defendant argues Plaintiff has failed to demonstrate he has asserted any federal discrimination or retaliation claims

pursuant to 42 U.S.C. Section 1981 in his Complaint. Defendant argues Plaintiff never amended his Complaint to specify he was asserting any Section 1981 claims after Defendant removed Plaintiff's lawsuit to this Court. Further, Defendant contends there is no indication that Plaintiff ever intended to assert any Section 1981 claims against Defendant.

Although Defendant's Response addressed "any Section 1981 claims Plaintiff may have asserted its Motion for Summary Judgment," Defendant states this was merely out of an abundance of caution and for purposes of demonstrating to the Court that all discrimination claims that were available to Plaintiff are untimely, regardless of whether they were asserted by Plaintiff or not.

Plaintiff agrees that a four-year statute of limitations applies to any Section 1981 claims that he could have asserted against Defendant. Plaintiff also agrees that he was required to file suit asserting such claims no later than December 7, 2005, in order to be timely. It is also undisputed that Plaintiff filed his first lawsuit on November 5, 2004, which was ultimately dismissed and not re-filed until June 20, 2006. Without offering any authority, Plaintiff argues that the Oklahoma Savings Clause preserved his federal Section 1981 claims so that the re-filing of this lawsuit on June 20, 2006, was timely.

The law is clear that Plaintiff's Section 1981 claims are barred. A state tolling provision, such as the Oklahoma Savings Clause, cannot preempt a federally mandated statute of limitations, such as the four-year statute of limitations for Section 1981 claims. The Tenth Circuit has held that the Oklahoma Savings Clause may not extend the time to file a

federal claim when Congress has provided a statute of limitations for a federal cause of action. *Pipkin v. U.S. Postal Service*, *951 F.2d 272, 272-75 (10th Cir. 1991)*. The general rule is that a court looks to state law to define the time limitation application to a federal claim only when "Congress has failed to provide a statute of limitations for a federal cause of action." *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, *501 U.S. 350 (1991)*.

In *Pipkin*, the Tenth Circuit affirmed the United States District Court for the Western District of Oklahoma's decision to dismiss Plaintiff's claims on the basis that they were time-barred. *Pipkin*, 951 F.2d at 274. Similar to the instant case, the plaintiffs in *Pipkin* first filed suit within the applicable statute of limitations. *Id*. However, this first suit was ultimately dismissed by the Court. *Id*. The plaintiffs filed their second suit after the statute of limitations expired. *Id*. The *Pipkin* plaintiffs argued that the Oklahoma savings provision tolled the statute of limitations. *Id*. The Pipkin plaintiffs argued that the Oklahoma savings provision tolled the statute of limitations. *Id*. However, the Tenth Circuit held the second action was not timely filed as the limitations period began to run upon dismissal of the first suit because the Oklahoma savings provision did not apply. *Id*.

Therefore, the Oklahoma Savings Clause does not enlarge the time to file federal causes of action for which Congress has established a statute of limitations. Accordingly, the deadline for Plaintiff to have filed any Section 1981 claims was December 7, 2005. Thus, any Section 1981 claims that Plaintiff may have asserted are barred.

Further, the Court agrees that Plaintiff should not be

permitted to declare for the first time, in his Response to Defendant's Motion for Summary Judgment, that he is asserting a Section 1981 claim. *Bruno v. Baker, 506 F.3d 1021, 1030 (10th Cir. 2007); Baker v. Penn. Mut. Life Ins. Co., 788 F.2d 650, 653 (10th Cir. 1986).*

Plaintiff also claims his employment was subject to an implied contract which was breached. The general rule in Oklahoma is that an employment contract of indefinite duration is terminable at will, without cause, by either party, without incurring liability for breach of contract. *Burk v. K-Mart Corp., 770 P.2d 24, 26 (Okla. 1989).* However, the Oklahoma Supreme Court has recognized implied contracts in the employment setting that may restrict an employer's freedom to discharge an employee at will. *See Hinson v. Cameron, 742 P.2d 549 (Okla. 1987).*

In his Response, Plaintiff agrees that he was an at-will employee. Plaintiff further explains in his Response that the basis of his implied contract claim is that Defendant breached an implied contract not to discriminate against him. The law is clear, however, that a preexisting legal duty not to discriminate is insufficient to constitute an implied employment contract. *See, Anderson v. Boeing Co., 222 F.R.D. 521, 550 (N.D. Okla. 2004).* Because Plaintiff has failed to demonstrate the existence of an implied contract, or that such a contract was breached, Defendant is entitled to summary judgment on this claim.

Accordingly, Defendant's Motion for Summary Judgment is granted.

**IT IS SO ORDERED** this 7th day of February, 2008.

James H. Payne
United States District Judge
Northern District of Oklahoma